

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed October 13, 2021**

**United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| In re: | § § | |
| REAGOR-DYKES MOTORS, LP,[1] | § § | Case No.: 18-50214-RLJ-11 |
|  | § § | (Jointly Administered) |
| Debtors. | § § | |
|  | § § | |
| DENNIS FAULKNER, Trustee of the Creditors Trust, | § § § | |
|  | § | |
| Plaintiff, | § § | |
| v. | § § | Adversary No. 21-05002 |
|  | § | |
| LANE GORMAN TRUBITT, LLC, LEE ANN COLLINS, COLLIN KANELAKOS, and PATRICK REILLY, | § § § § § | |
|  | § | |
| Defendants. | § § | |

## MEMORANDUM OPINION

---

[1] The following chapter 11 cases are jointly administered in Case No. 18-50214: Reagor-Dykes Motors, LP, Reagor-Dykes Imports, LP (Case No. 18-50215), Reagor-Dykes Amarillo, LP (Case No. 18-50216), Reagor-Dykes Auto Company, LP (Case No. 18-50217), Reagor-Dykes Plainview, LP (Case No. 18-50218), Reagor-Dykes Floydada, LP (Case No. 18-50219), Reagor-Dykes Snyder, L.P. (Case No. 18-50321), Reagor-Dykes III LLC (Case No. 18-50322), Reagor-Dykes II LLC (Case No. 18-50323), Reagor Auto Mall, Ltd. (Case No. 18-50324), and Reagor Auto Mall I LLC (Case No. 18-50325).

1

The Court addresses the motion for remand of plaintiff Dennis Faulkner, Trustee of the Creditors Trust (the Trustee). Upon consideration of the pleadings and arguments of counsel and the record before the Court, the Court grants the Trustee's motion asking for remand.

The Trustee argues that there is no federal court jurisdiction over this adversary proceeding. "[A] federal court always has jurisdiction to determine its own jurisdiction." *Int'l Energy Ventures Mgmt. v. United Energy Group*, 818 F.3d 193, 209 (5th Cir. 2016) (quoting *U.S. v. Ruiz*, 536 U.S. 622, 628 (2002)). And, as discussed below, the Court has related-to jurisdiction of this proceeding under 28 U.S.C. § 1334(b).

I.

Background

The Trustee sued Lane Gorman Trubitt, LLC, Lee Ann Collins, Collin Kanelakos, and Patrick Reilly (the LGT Defendants) in the 298th District Court of Dallas County, Texas. The LGT Defendants, on January 19, 2021, filed their Notice of Removal removing the suit from the state court to the Court and thereby creating this adversary proceeding. The Trustee then filed his motion asking the Court to remand this action back to the state court in Dallas, which is opposed by the LGT Defendants.

Hearing on the motion to remand was held on April 21, 2021, after which the Court took the matter under advisement.

Shortly before the April hearing, the LGT Defendants filed a motion in the Reagor-Dykes bankruptcy cases requesting approval to assert claims for set-off and recoupment back against the Trustee in this adversary proceeding.[2] As part of his opposition to the LGT Defendants' motion, the Trustee, on April 28, 2021, filed his motion in the bankruptcy cases seeking to

---

[2] "Reagor-Dykes" refers to the debtors listed in note 1.

2

enforce the plan injunction and confirmation order as a way to block the request made by the LGT Defendants. Hearing on these two motions was first set on May 26, 2021, and, upon request of the parties, reset to June 9, 2021, and then June 30, 2021.

Hearing on the two motions was finally held on June 30, 2021; the Court took the matters under advisement. The issues raised by the motions concerned the rights of the LGT Defendants to assert certain claims by answer or counterclaim in the adversary proceeding. The Trustee argued that they should be barred from asserting such claims, even defensively. The Court determined that the issues and arguments raised by the motions, and their resolution, were governed by specific provisions of the confirmed plan and of the Bankruptcy Code and that state law issues were, at most, indirect and secondary. The questions were thus properly addressed and resolved by a bankruptcy judge before consideration of the Trustee's motion to remand. The Court, therefore, abated the Trustee's motion to remand. By its order of September 1, 2021, the Court granted the LGT Defendants' motion requesting authority to defensively assert set-off and recoupment (and the underlying counterclaims and defenses) and denied the Trustee's motion asking for enforcement of the Reagor-Dykes's plan injunction to prevent the LGT Defendants' assertion of such defenses and counterclaims.

The Trustee argues that this adversary proceeding concerns only state law claims for breach of contract, negligence, and gross negligence and thus should, and indeed must, be remanded back to state court. The Court lacks jurisdiction, the Trustee argues; and even if the Court does have jurisdiction, the Court must or should abstain from the suit. The LGT Defendants contend that the suit is sufficiently related to the Reagor-Dykes bankruptcy cases to warrant the removal and the Court's retention of the adversary proceeding.

II.

Subject Matter Jurisdiction

Bankruptcy subject matter jurisdiction is created and granted to federal district courts by 28 U.S.C. § 1334. In turn, federal district courts are authorized to refer bankruptcy cases and proceedings to bankruptcy courts. 28 U.S.C. § 157(a). As is typical in federal districts throughout the country, the District Court for the Northern District of Texas has referred all bankruptcy cases and proceedings to the Bankruptcy Court for the Northern District of Texas. Section 1334(a) grants exclusive jurisdiction to district courts of all bankruptcy *cases*.

Section 1334(b) provides that federal district courts (and bankruptcy courts by reference from the district courts) have original but not exclusive jurisdiction over three categories of *civil proceedings*. In sum, the three categories are: (1) civil proceedings "arising under" the Bankruptcy Code; (2) civil proceedings "arising in" a bankruptcy case; and (3) civil proceedings "related to" a bankruptcy case. 28 U.S.C. § 1334(b). It is within at least one of these three categories that the suit filed by the Trustee must fall—"arising under," "arising in," or "related-to" bankruptcy jurisdiction—for the Court to have subject matter jurisdiction over the suit.

A civil proceeding "arises under" the Bankruptcy Code if it involves a cause of action created or determined by a statutory provision of the Bankruptcy Code. A civil proceeding "arises in" a bankruptcy case when it involves a cause of action that is not expressly created by the Bankruptcy Code but nonetheless would have no existence outside of bankruptcy. *See Wood v. Wood (In re Wood)*, 825 F.2d 90, 96–97 (5th Cir. 1987). These two categories of civil proceedings ("arises under" the Bankruptcy Code and "arises in" a bankruptcy case) are statutorily defined as "core" proceedings under 28 U.S.C. § 157(b).

The last category, "related-to" jurisdiction, is the broadest grant of bankruptcy jurisdiction over a civil proceeding (often called a "non-core" proceeding). The Fifth Circuit has recognized that a civil proceeding is "related to" a bankruptcy case if "the outcome of that proceeding could *conceivably* have any effect on the estate being administered in bankruptcy." *In re Wood*, 825 F.2d at 93 (emphasis in original) (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984)).[3] To determine whether the Court has bankruptcy jurisdiction under § 1334(b) over this suit, all that must be shown is that this suit, at a minimum, "relates to" one or more of the Reagor-Dykes bankruptcy cases. *See In re U.S. Brass Corp.*, 301 F.3d 296, 304 (5th Cir. 2002); *In re Wood*, 825 F.2d at 93.

Bankruptcy jurisdiction becomes more limited after confirmation of a bankruptcy plan. Here, the Reagor-Dykes plan was confirmed in July 2020, and the Trustee filed suit against the LGT Defendants in December 2020 in state court.

The statute does not expressly limit bankruptcy jurisdiction after confirmation of a bankruptcy plan. However, in a 2001 decision, the Fifth Circuit adopted a more exacting theory for post-confirmation jurisdiction, recognizing that the broad "related-to" category of bankruptcy jurisdiction diminishes after confirmation of a bankruptcy plan. Simply put, this is because, after confirmation of a plan, the bankruptcy estate ceases to exist. *See Bank of La. v. Craig's Stores of Tex., Inc. (In re Craig's Stores of Tex., Inc.)*, 266 F.3d 388, 390–91 (5th Cir. 2001).

The Fifth Circuit, in *In re Craig's Stores*, stated that after plan confirmation, "related-to" bankruptcy jurisdiction ceases to exist for matters other than those "pertaining to the

---

[3] Whether a bankruptcy court has subject matter jurisdiction over a civil proceeding must not be confused with whether a bankruptcy court has statutory and constitutional authority to enter a final judgment and final orders in a civil proceeding. The jurisdiction vested in a bankruptcy court is the same as the bankruptcy subject matter jurisdiction granted to a federal district court under 28 U.S.C. § 1334. This is due to the reference of bankruptcy cases and proceedings by a district court to a bankruptcy court under 28 U.S.C. § 157(a).

implementation or execution of the plan." 266 F.3d at 390 (finding that bankruptcy jurisdiction did not exist over post-confirmation dispute between reorganized debtor and its lender); *see also In re U.S. Brass Corp.*, 301 F.3d at 304–06 (finding that bankruptcy jurisdiction did exist post-confirmation over agreement by debtor to liquidate claims through binding arbitration).

In *Newby v. Enron Corp.*, the Fifth Circuit narrowly interpreted the *Craig's Stores* decision and identified three factors in the case that were critical to determining if bankruptcy jurisdiction existed post-confirmation. *Newby v. Enron Corp. (In re Enron Corp. Secs.)*, 535 F.3d 325, 335–36 (5th Cir. 2008) (finding that the *Craig's Stores'* limiting standard of "matters pertaining to the implementation or execution of the plan" involved post-confirmation claims based on post-confirmation activities). Lower courts in the Fifth Circuit have broadly construed the "pertains-to-the-implementation-or-execution-of-a-plan" jurisdictional test laid out in *Craig's Stores* and recognized that *Craig's Stores* was based on narrow and specific facts. In determining if post-confirmation bankruptcy jurisdiction exists over a civil proceeding, courts have examined the three factors identified by the Fifth Circuit in the subsequent *In re Enron Corp.* decision, which are whether: (1) the claims primarily arise from pre-confirmation or post-confirmation relations between the parties; (2) any claims or antagonisms were pending between the parties on the date of plan confirmation; and (3) any facts or law deriving from the bankruptcy are necessary to the claims. *In re Enron Corp.*, 535 F.3d at 335; *see, e.g.*, *Brickley v. Scantech Identification Beams Sys., LLC*, 566 B.R. 815, 830–32 (W.D. Tex. 2017) (applying three factors and finding that post-confirmation "related-to" bankruptcy jurisdiction existed); *Schmidt v. Nordlicht*, No. 16-cv-3614, 2017 WL 526017, at *3 (S.D. Tex. Feb. 9, 2017) (same).

The claims in this action relate to the activities of the LGT Defendants prior to confirmation, specifically with respect to activities that allegedly led to the actual bankruptcy itself. The first factor thus weighs in favor of jurisdiction.

Because there was not litigation pending prior to plan confirmation, there is not a clear test to determine whether there were antagonisms pending before confirmation. Bankruptcy courts in Texas, though, have found that where the claims are based on pre-petition conduct and the cause of action appears to have accrued before the bankruptcy, the antagonism factor is satisfied. *See, e.g.*, *Schmidt v. Nordlicht*, 2017 WL 526017, at *3 (finding the existence of antagonism where "the defendant's alleged wrongdoing harmed the company prior to the bankruptcy, and the company's cause of action appears to have accrued before the bankruptcy as well"); *Coho Oil & Gas, Inc. v. Finley Res., Inc. (In re Coho Energy, Inc.)*, 309 B.R. 217, 221 (Bankr. N.D. Tex. 2004) (finding jurisdiction where the claims arose pre-petition, and while the debtor asserted the claims post-petition, "the claims were preserved under the Plan and assigned to the creditor's trust for prosecution, with any net recoveries to be distributed to creditors pursuant to the Plan's terms"); *Brickley*, 566 B.R. at 831 (finding antagonism where "defendants' alleged wrongdoing clearly harmed the debtor company [] prior to its bankruptcy, and, if true, played a large role in actually causing the bankruptcy. And, such claims were preserved by the Plan, which reserved, retained, and vested all causes of action in the trust"). "Indeed, for the past decade, courts within the Fifth Circuit have consistently held that bankruptcy jurisdiction continues to exist post-confirmation over suits based on pre-confirmation claims and activities brought by a plan trustee appointed under a bankruptcy plan." *In re Dune Energy, Inc.*, 575 B.R. 716, 725 (Bankr. W.D. Tex. 2017) (finding jurisdiction where there was a liquidation plan, and

7

execution of the plan involved the plan trustee pursuing causes of action for the benefit of creditors).

Last, for the third factor, the Court resolved all facts or law deriving from the bankruptcy by its ruling on the issues raised by the LGT Defendants' defensive claims of set-off and recoupment. The substantive causes of action all arose before the bankruptcy was filed and are solely governed by state law. Still, any net recoveries made by the Trustee on these claims affect distributions to creditors under the confirmed plan.

This suit satisfies two factors of the three-factor test from *In re Enron Corp.* in favor of related-to jurisdiction, and the Court concludes it has related-to jurisdiction over this proceeding.

### III.

### Mandatory Abstention

The Trustee seeks, in the alternative, remand of the suit based on mandatory abstention under 28 U.S.C. § 1334(c)(2) if the Court does find that it has jurisdiction. This statute requires a federal court to abstain from hearing a proceeding if the following five requirements are met: (1) a motion to abstain is "timely" made; (2) the proceeding is a "non-core" ("related to") proceeding based upon a state law claim or cause of action; (3) the proceeding has no independent basis for federal jurisdiction other than § 1334(b); (4) the action can be adjudicated timely in state court; and (5) an action has been commenced in state court. *See Edge Petroleum Operating Co. v. GPR Holdings, L.L.C. (In re TXNB Internal Case)*, 483 F.3d 292, 299–300 (5th Cir. 2007) (tracking language of § 1334(c)(2)). If the requirements are met, a federal court has no discretion—it must abstain. *See, e.g.*, *WRT Creditors Liquidation Tr. v C.I.B.C. Oppenheimer Corp.*, 75 F. Supp. 2d 596, 613 (S.D. Tex. 1999).

For the first requirement, there is no suggestion that the Trustee did not timely file his motion seeking mandatory abstention. No specific time limit is set by statute or rule for requesting mandatory abstention under § 1334(c)(2). Here, the motion seeking mandatory abstention was filed by the Trustee within forty-five days of the docketing of the removed suit in this Court and is thus timely filed.

Mandatory abstention applies only to a "related-to" bankruptcy proceeding (also known as a "non-core" proceeding) that is based on state law claims or causes of action. Mandatory abstention does not apply to a "core" proceeding. *See* 28 U.S.C. § 1334(c)(2); *Cadle Co. v. Moore (In re Moore)*, 739 F.3d 724, 729 (5th Cir. 2014); *Gober v. Terra + Corp., (In re Gober)*, 100 F.3d 1195, 1206 (5th Cir. 1996). As addressed at II above, the causes of action here are sufficiently "related to" the bankruptcy case to create related-to jurisdiction. But does their "relatedness" rise to the level of core (arising in or arising under) jurisdiction?

"Both the 'form and substance' of the proceeding should be analyzed to determine if it is 'core' or 'non-core.'" *In re Dune Energy, Inc.*, 575 B.R. at 727. A "core" proceeding is one that "arises under" the Code or "arises in" a bankruptcy case. According to the Fifth Circuit, a cause of action created or determined by a statutory provision of the Bankruptcy Code "arises under" the Bankruptcy Code; a cause of action that would have no existence outside of bankruptcy "arises in" a bankruptcy case. *See In re Wood*, 825 F.2d at 96–97.

Most courts find that state law causes of action based on pre-bankruptcy events that do not invoke a substantive right created by federal bankruptcy law fail to "arise under" the Bankruptcy Code. *See WRT Creditors Liquidation Tr.*, 75 F. Supp. 2d at 609–10 (collecting cases). If the causes of action exist under state law and stand independent of the bankruptcy case, they do not "arise in" a bankruptcy case. *See Schmidt*, 2017 WL 526017, at *5; *WRT*

9

*Creditors Liquidation Tr.*, 75 F. Supp. 2d at 612.  Just because a bankruptcy plan creates a liquidating trust empowered to pursue pre-bankruptcy state law causes of action does not mean that the causes of action "arise in" a bankruptcy case.  *See WRT Creditors Liquidation Tr.*, 75 F. Supp. 2d at 612 ("The test is ... not merely whether a bankruptcy court allowed or authorized the prosecution of the claim.").  Similarly, claims do not "arise in" a bankruptcy just because they would not exist "but for" the filing of bankruptcy.  *See Gupta v. Quincy Medical Ctr.*, 858 F.3d 657, 664–65 (1st Cir. 2017); *Schmidt*, 2017 WL 526017, at *5.  Instead, "core" jurisdiction exists if the claims are of the type that can only exist in a bankruptcy case.  *See Gupta*, 858 F.3d at 665.

      Applying these principles, the Court examines each of the causes of action asserted by the Trustee against the LGT Defendants in the complaint.  Reagor-Dykes engaged the LGT Defendants to perform three separate audits in the years leading up to the bankruptcy.[4]  The causes alleged here are for breach of contract and for professional malpractice.  They are premised on pre-bankruptcy actions allegedly taken (and not taken) by the LGT Defendants.  And they are all based on state law.  None of the causes of action in the complaint are based on the Bankruptcy Code, and each would have an existence outside of bankruptcy.  The Court concludes that the causes here are not within the Court's "core" bankruptcy jurisdiction.

      The LGT Defendants argue that this action becomes a "core" action because of their intention to assert set-off and recoupment counterclaims and defenses against the Trustee.  As stated above, the Court has resolved this issue in the LGT Defendants' favor.  Regardless, their defensive reliance on set-off and recoupment does not involve a claim adjudication; the defenses or counterclaims do not bring the complaint within the Court's core jurisdiction.  The causes of action asserted in the complaint are not "core" proceedings in form or substance.  They are at

---

[4] The LGT Defendants issued audit reports for 2015 and 2016; no audit report was issued for 2017.  Pl's Original Pet. ¶¶ 18–32 [ECF No. 2, Ex. B].

most "related-to" (non-core) proceedings based on state law. Courts within the Fifth Circuit have consistently found that post-confirmation suits by plan trustees based on state law claims are only within the "related-to" (and not "core") bankruptcy jurisdiction of a federal court. *See, e.g.*, *Brickley*, 566 B.R. at 830, 832 (stating post-confirmation claims for breach of fiduciary duty and state law claims are "related-to" claims); *Schmidt*, 2017 WL 526017, at *3 (same); *WRT Creditors Liquidation Tr.*, 75 F.Supp.2d at 613 (same); *Kaye v. Dupree (In re Avado Brands, Inc.)*, 358 B.R. 868, 878–89 (Bankr. N.D. Tex. 2006) (same).

This requirement for mandatory abstention (that a suit is a related-to, non-core proceeding based on state law) is satisfied.

The third requirement for mandatory abstention, no independent jurisdiction, is satisfied when the proceeding has no independent basis for federal jurisdiction other than 28 U.S.C. § 1334(b). There is no jurisdiction here other than under § 1334(b). There is no diversity jurisdiction, and none has been suggested. Further, the Trustee's complaint alleges only state law causes of action. The third requirement is satisfied.

The fourth requirement, that the proceeding can be timely adjudicated in state court, cannot be determined at this time. It has been noted that "[w]hile a naked assertion that a proceeding can be timely heard in state court will not satisfy the requirement, courts have recognized that the requirement is a relatively low hurdle to clear." *In re Dune Energy, Inc.*, 575 B.R. at 729–30. This issue is not whether a matter can be adjudicated sooner in state court than in federal court. Rather, the movant need only present evidence to show that the proceeding can be heard by the state court in a timely fashion. *Id*. at 730.

The fifth and final element is whether an action was commenced in state court. This requirement is satisfied if the state court action was filed and removed to federal court, and then

the federal court was requested to abstain. *See, e.g.*, *Schmidt*, 2017 WL 526017, at *1, 5; *WRT Creditors Liquidation Tr.*, 75 F.Supp.2d at 603, 613; *see also In re Simmons*, 205 B.R. 834, 847 (Bankr. W.D. Tex. 1997) (denying request for mandatory abstention because movant had not yet commenced a proceeding in state court at the time of filing the motion for abstention in bankruptcy court). There is no dispute here that the suit was commenced by the Trustee in state court prior to removal and prior to abstention being sought in this Court. The fifth requirement for mandatory abstention is satisfied.

All the requirements, except arguably one, have been satisfied. The Trustee provided no evidence of the state court's ability to adjudicate this suit in a timely manner.

IV.

Permissive Abstention and Equitable Remand

In the event that mandatory abstention is not satisfied, the Trustee has also requested, in the alternative, for remand based on permissive abstention. This is because a bankruptcy court may still permissively abstain under 28 U.S.C. § 1334(c)(1) when some, but not all, of the requirements of mandatory abstention are satisfied. Additionally, Trustee seeks remand of this suit to state court based on equitable remand under 28 U.S.C. § 1452(b).

According to the Fifth Circuit, bankruptcy courts have broad discretion to permissively abstain and equitably remand a suit. *See, e.g.*, *In re Gober*, 100 F.3d at 1206; *Browning v. Navarro*, 743 F.2d 1069, 1076 n.21 (5th Cir. 1984). Courts throughout the Fifth Circuit typically use a factor-based analysis to determine if permissive abstention and equitable remand of a bankruptcy civil proceeding is appropriate. "Because the two statutes are similar in purpose, the same factors are usually weighed to determine if permissive abstention or equitable remand is warranted." *In re Dune Energy, Inc.*, 575 B.R. at 731 (collecting cases).

> The applicable factors include:
>
> (1) the effect or lack thereof on the efficient administration of the estate if the court remands or abstains; (2) extent to which state law issues predominate over bankruptcy issues; (3) difficult or unsettled nature of applicable law; (4) presence of related proceeding commenced in state court or other nonbankruptcy proceeding; (5) jurisdictional basis, if any, other than 28 U.S.C. § 1334; (6) degree of relatedness or remoteness to main bankruptcy case; (7) the substance, rather than the form, of an asserted core proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgment to be entered in state court with enforcement left to the bankruptcy court; (9) the burden of the court's docket; (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; (12) the presence in the proceeding of non-debtors parties; (13) comity; and (14) the possibility of prejudice to other parties in the action.

*In re Dune Energy, Inc.*, 575 B.R. at 731–32. This is a non-exclusive list.

There are at least seven factors that weigh in favor of remand. This lawsuit should not have an effect or lack of effect on the efficient administration of the estate if the Court remands (there is no longer a bankruptcy estate to administer, and a liquidating plan has been confirmed). State law issues govern the action here. There is a related proceeding that was commenced in state court, i.e., the suit that was originally filed by the Trustee in Dallas County, Texas. There is no federal jurisdiction over the suit other than bankruptcy jurisdiction under 28 U.S.C. § 1334. There are no core matters that could be severed from the state law claims because there are no core matters in the suit. There is a right to a jury trial in this action, and, without consent of the Trustee, the jury trial would have to be heard by the District Court since there are no core issues. Last, comity weighs in favor of abstention and remand as the suit concerns only state law issues and deference is accorded to the state court to decide state law issues.

There are several neutral factors. The difficult or unsettled nature of applicable law is neutral here where contract interpretation and breach of contract claims are well-settled while professional malpractice of an auditor is a fact-intensive inquiry. There is no indication of forum

shopping. The existence of non-debtor parties is neutral where the suit technically involves only non-debtor parties, but the plaintiff is the trustee of a trust created by the debtors' plan to pursue the debtors' causes of action. There is no indication of prejudice to other parties regardless of whether this action is tried in bankruptcy court or state court.

The one factor that weighs in favor of retaining the action is its relatedness to the main bankruptcy case. But this alone is not sufficient.

V.

Disposition

The Court grants the Trustee's motion to remand this action to state court. The Court will prepare an order. Counsel for the Trustee is instructed to forward this Memorandum Opinion and the Order to the 298th District Court of Dallas County, Texas.

### End of Memorandum Opinion ###